Law Offices of Jerry L. Steering

Jerry L. Steering [State Bar No. 122509]
LAW OFFICE OF JERRY L. STEERING
4063 Birch Street
Suite 100
Newport Beach, CA 92660
Telephone: (949) 474-1849
Facsimile: (949) 474-1883
jerrysteering@yahoo.com

Attorney for plaintiff Stephen Mark Finger

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN MARK FINGER, | Case No. |
| Plaintiff, | COMPLAINT FOR DAMAGES FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS UNDER COLOR OF STATE LAW (42 U.S.C. § 1983); FEDERAL CONSTITUTIONAL CLAIMS FOR VIOLATION OF FOURTH AMENDMENT RIGHT TO FREEDOM FROM UNLAWFUL / UNREASONABLE SEIZURE OF PERSON (MALICIOUIS CRIMINAL PROSECUTION / UNREASONABLE SEIZURE OF PERSON) AND VIOLATION OF FIRST AMENDMENT RIGHTS (FREEDOM OF SPEECH AND RIGHT TO PETITION FOR REDRESS OF GRIEVANCES) |
| vs. | |
| COUNTY OF RIVERSIDE, DAVID ALDRICH, MATTHEW ALLERT and DOES 1 through 10, inclusive, | |
| Defendants. | |
| | JURY TRIAL DEMANDED |

COMPLAINT FOR DAMAGES

1

**COMES NOW** plaintiff Stephen Finger and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1. As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. As the incidents complained of in this action occurred in the County of Riverside, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

3. Plaintiff Stephen Mark Finger, hereinafter referred to as "FINGER," is a natural person, who, at all times complained of in this action, resided in the County of Riverside and in the State of California.

4. Defendant Deputy David Aldrich, hereinafter referred to as "ALDRICH", is, and at all times complained herein, was, a deputy sheriff with the Riverside County Sheriff's Department. At all times complained of herein, ALDRICH was acting as an individual person under the color of state law, pursuant to his status as a deputy sheriff, and was acting in the course of and within the scope of his employment with defendant County of Riverside.

5. Defendant Deputy David Allert, hereinafter referred to as "ALLERT", is, and at all times complained herein, was, a deputy sheriff with the Riverside County Sheriff's

Department. At all times complained of herein, ALLERT was acting as an individual person under the color of state law, pursuant to his status as a deputy sheriff, and was acting in the course of and within the scope of his employment with defendant County of Riverside.

6. Defendant County of Riverside, hereinafter also referred to as "COUNTY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

7. Defendants DOES 1 through 6, inclusive, are sworn deputy sheriffs and / or police officers and/or investigators and/ Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant COUNTY and/or otherwise employed by the Riverside County Sheriff's Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

8. At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or deputy sheriffs and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed

by the Riverside County Sheriff's Department, and were acting in the course of and within the scope of their employment with defendant COUNTY.

9. Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Sheriff and/or Assistant Sheriffs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by the Riverside County Sheriff's Department and/or defendant COUNTY, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate deputies, approving actions of subordinate deputies), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Riverside County Sheriff's Department for: 1) for unlawfully seizing persons; 2) for unlawful searching persons; 3) for falsely arresting and falsely imprisoning persons; 4) for fabricating / destroying / concealing / altering evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other deputy sheriffs and supervisory personnel from civil, administrative and criminal liability; 5) for interfering with persons' and/or otherwise

violating persons' constitutionally protected right to free speech; 6) for covering-up unlawful and tortious conduct by Riverside County Sheriff's Department personnel, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiff in this action.

12. Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend his complaint to add and to show the actual names of said DOE defendants, when ascertained by plaintiff.

13. At all times complained of herein, DOES 7 through 10, inclusive, were acting were acting as individual persons acting under the color of state law, pursuant to their authority as the Sheriff and/or the Assistant Sheriffs and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Riverside County Sheriff's Department, and/or some other public official(s) with defendant COUNTY, and were acting in the course of and within the scope of their employment with defendant COUNTY.

14. At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described

herein, above and below), and/or policy making peace officers, with the Riverside County Sheriff's Department and/or otherwise with defendant COUNTY[1].

15. Moreover, at all times complained of herein, defendants DOES 1 through 10, inclusive, were acting pursuant to, or otherwise contributed to the creation and maintenance of, the customs, policies, usages and practices of the Riverside County Sheriff's Department / County of Riverside, for, *inter alia*: 1) for unlawfully seizing persons; 2) for unlawful searching persons; 3) for falsely arresting and falsely imprisoning persons; 4) for fabricating / destroying / concealing / altering evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other deputy sheriffs and supervisory personnel from civil, administrative and criminal liability; 5) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 6) for covering-up unlawful and tortious conduct by Riverside County Sheriff's Department personnel, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiff in this action.

16. In addition to the above and foregoing, defendants DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of his federal Constitutional and statutory rights, as

---

[1] Such as a COUNTY executive officer.

COMPLAINT FOR DAMAGES

6

complained of in this action, and acted in joint and concerted action to so deprive plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law.

17. Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

**FIRST CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth Amendment Rights –**
**Unlawful / Unreasonable Seizure of Person**
**[Malicious Prosecution, Unreasonable Seizure Of Person]**
**(Against all Defendants)**

18. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 17, inclusive, above, as if set forth in full herein.

19. On November 1, 2011, plaintiff FINGER was an organizer and a participant in the Occupy Coachella Valley organization which was conducting a protest at the Palm Desert Civic Park, in the City of Palm Desert, California.

20. Just after midnight on November 1, 2011, FINGER was asked a question by a local news reporter.

21. FINGER answered her question, and in the process of doing so, obviously accidentally placed one foot on a grass area of the park for about one second. Upon recognizing that he had stepped off of the sidewalk and onto the grass area of the park FINGER immediately apologized to the deputies in a manner that would have shown any

COMPLAINT FOR DAMAGES
7

reasonably well trained peace officer[2] that FINGER's step into the park was an accident.

22. Defendants alleged that FINGER and other various participants of the Occupy Coachella protests were no longer allowed to be in the park after 11:00 p.m., and this was after 11:00 p.m.

23. ALDRICH and ALLERT saw FINGER inadvertently place his foot on the park grass for about one second, and arrested him for allegedly violating Palm Desert Municipal Code § 11.01.080(R) – Park curfew, Palm Desert Municipal Code § 9.26.020 – Camping within city limits and Cal. Penal Code § 407 – Unlawful Assembly, and took him to jail.

24. Pursuant to said defendants' arrest of FINGER, both defendants ALDRICH , ALLERT and DOES 1 through 3, inclusive, authored false and misleading crime reports about their arrest of FINGER on November 1, 2011,that including knowingly falsely made material misrepresentations of fact about FINGER's conduct leading up to said arrest, and knowingly falsely made material misrepresentations of fact about his having violated Cal. Penal Code § 407; something that was completely untrue.

25. Relying on the false representations of material facts contained in the crime reports of defendants ALDRICH , ALLERT and DOES 1 through 3, inclusive[3], and otherwise acting against their independent judgment by acting to protect the defendants /

---

[2] And any reasonable person for that matter.
[3] Preventing them from being able to exercise their independent judgment in deciding to file said misdemeanor action against FINGER.

COMPLAINT FOR DAMAGES

8

deputies from civil liability, the Riverside County District Attorney's Office filed said above-referenced criminal action against plaintiff on or about December 30, 2011.

26. Said misdemeanor criminal action against FINGER alleging a sole Count of violation of Cal. Penal Code § 407; *People of the State of California v. Stephen*, Indio – Riverside County Superior Court Case No. INM1200047.

27. In August of 2012, the case went to trial.

28. Thereafter, on August 10, 2012, after the prosecution ended its case-in-chief in FINGER's criminal jury trial, above-referenced, FINGER's attorney made a motion pursuant to Cal. Penal Code § 1118.1 for a verdict of acquittal, based on the ground of factual innocence; that if everything that the prosecution showed was true that FINGER was not guilty of violation of Cal. Penal Code § 407; unlawfully assembly[4].

29. The Court granted FINGER's 1118.1 motion finding that there was insufficient evidence to sustain a conviction and dismissed the charges against FINGER.

30. Moreover, a substantial or motivating factor in the decision of the defendant deputy sheriffs to procure the criminal prosecution of FINGER, by arresting him and by authoring false and misleading police reports containing false material misrepresentations facts, was FINGER's exercise of his First Amendment right to free speech; to wit, his involvement in participating in the Occupy Coachella Valley protests that took place in

---

[4] Cal. Penal Code § 407. Whenever two or more persons assemble together to do an unlawful act, or do a lawful act in a violent, boisterous, or tumultuous manner, such assembly is an unlawful assembly.

Palm Desert, California over that week preceding his arrest, above-referenced, as well as FINGER's attending and speaking-out at Palm Desert City Council Meetings about various matters of public concern.

31.  Accordingly, the arrest of FINGER pursuant to defendants ALDRICH's, ALLER's and DOES 1 through 6's plan to maliciously prosecute him, as well as their malicious prosecution of him, constituted an unlawful and unreasonable seizure of FINGER, without a warrant or probable cause to believe that he committed a crime[5], in violation of his right to be free from such an seizure under the Fourth Amendment to the United States Constitution.

32.  As a direct and proximate result of the actions of defendants ALDRICH, ALLER and DOES 1 through 10, inclusive, as complained of herein, FINGER 1) was substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred medical and psychological costs, bills and expenses, 3) attorney's fees and associated litigation and other related costs, and 4) incurred lost profits / wages and other special and general damages and expenses, in an amount to be proven at trial, in excess of $10,000,000.00.

33.  The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant

---

[5] Or even reasonable suspicion of criminality afoot.

COMPLAINT FOR DAMAGES

10

COUNTY, in an amount to be proven at trial, in excess of $10,000,000.00.

## SECOND CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
### Violation Of First Amendment Right To
### Freedom Of Speech / Right To Petition Government For Redress Of Grievances
### (Against all defendants)

34. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 33, inclusive, above, as if set forth in full herein.

35. As shown above, FINGER was a leader of the Occupy Coachella Valley movement and protests that took place during the week before his arrest.

36. The main motivating factor for arresting and in maliciously prosecuting plaintiff FINGER was to retaliate against him for participating in the Occupy Coachella Valley protest, and for other acts of protected speech to the Palm Desert City Council and to other government officials. Accordingly, said malicious prosecution of the plaintiff was done to deprive him / in retaliation for FINGER's exercise of his First Amendment rights.

37. Plaintiff's participation in the Occupy Coachella Valley protest was speech that is/are protected by the first amendment to the United States Constitution.

38. A substantial or motivating factor in the decision of the defendants to take said actions against the plaintiff complained of above, was plaintiff's exercise of his right to freedom of speech / right to petition, as described above.

39. But for Plaintiff's exercise of his right to freedom of speech as described

COMPLAINT FOR DAMAGES
11

above, defendants would not have taken the actions[6] against the plaintiff that they did.

40. As a direct and proximate result of defendants' actions, above-referenced, plaintiff was substantially physically, mentally and emotionally injured, and plaintiff incurred medical and psychological costs/bills and expenses, attorney's fees and lost profits / wages and other special and general damages and expenses; all in an amount to be proven at trial; in excess of $3,000,000.00.

41. The actions by said defendants were done maliciously and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages in an amount to be shown at trial, in excess of $2,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an amount in excess of $3,000,000.00;

b) For a judgment against all defendants, save defendant COUNTY, for punitive damages in an amount in excess of $10,000,000.00;

c) For an award of reasonable attorney's fees and costs;

d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and equitable.

_____
JERRY L. STEERING

---

[6] And other bad acts.

COMPLAINT FOR DAMAGES

12